## BROWN *v.* FREED.

CONTRACT.—*Implied Assumpsit.*—Suit on a promissory note. Answer, that in purchasing a saw-mill of the plaintiff the defendant agreed to pay off for the plaintiff and deliver to him a certain promissory note described, made by the plaintiff and payable to a third person named; that the defendant was induced so to agree upon the plaintiff's representation that said note to said third person did not bear interest until maturity, upon the truth of which the defendant relied; that said note did, in fact, bear interest from its date, which the plaintiff well knew; that such interest at the maturity of the note amounted to a sum specified, which the defendant paid together with the principal, which sum so paid as interest he asked to set off.
*Held,* that the answer was good on demurrer.

APPEAL from the Howard Circuit Court.

FRAZER, J.—The complaint in this case was in two paragraphs. 1. On a promissory note for $250. 2. For work and labor in sawing lumber for the defendant, to the amount of $810. The answer was in four paragraphs. 1. General denial. 2. That in purchasing a saw-mill of the plaintiff, the defendant agreed to pay off for the plaintiff, and deliver to him, two promissory notes, each for $1,325, dated January 1st, 1866, and due, respectively, at six and twelve months, made by the plaintiff, and payable to Deloss Root & Co.; that the defendant was induced so to agree by the plaintiff's representation that said notes did not bear interest until maturity, upon the truth of which the defendant relied; that said notes did, in fact, bear interest from their date, which the plaintiff well knew; that such interest, at the maturity of the notes, amounted to $150, which the defendant paid together with the principal, which sum of one hundred and fifty dollars he asks to set off. 3. That the plaintiff was indebted to the defendant in the sum of two thousand dollars for one-half of a saw-mill, which was to be paid in sawing; that, though requested, the plaintiff has refused to perform the sawing, except to the amount of $300, which is set up in the first paragraph of the complaint, and the balance, $1,700, is due the defendant, which he pleads

as a set-off.  4. Set-off of $2,000 for one-half of a saw-mill sold by the defendant to the plaintiff. A demurrer was sustained to the second paragraph of the answer, and a reply of general denial was made to the third and fourth.

The ruling below upon the demurrer is presented for consideration.  It seems to us that it was erroneous. The facts alleged in that paragraph of the answer, though probably not such as would have enabled Root & Co. to compel the defendant to pay the interest, were, nevertheless, sufficient to establish a payment thereof at the plaintiff's request, and a consequent liability on his part to repay the amount, by virtue of an implied assumpsit.  The promise to pay the notes generally included a promise to pay the interest. This promise was procured by the plaintiff.  The payment merely followed in fulfilment of the promise.  The most that can be said for the plaintiff is, that the promise was not binding, and therefore the payment need not have been made; but this falls far short of supporting the proposition that the payment was voluntary and without the plaintiff's procurement.  It would be monstrous in such a state of facts to say that the defendant stands without remedy, like one who as a volunteer has paid the debt of another.

It seems that the note sued on was given for part of the purchase-money of half of a saw-mill sold by the plaintiff to the defendant, the same property having been previously sold by the plaintiff to the defendant, and by the latter to the former again.  In the opening testimony, the plaintiff was permitted, over the objection of the defendant for irrelevancy, to put the first and third contracts of sale in evidence.  In the state of the issues to be tried, we cannot perceive that this evidence was strictly relevant at that stage of the cause, unless it had become so in consequence of some peculiarity which the case might have at that time assumed by the evidence which preceded it.  There was, however, that peculiarity.  The plaintiff made use of himself as a witness, to prove the sawing sued for by the second paragraph of the complaint.  On cross examination he

testified, that such sawing was done upon the contract alleged in the third paragraph of the answer, being the second transfer of the mill. On re-examination the evidence objected to was offered and admitted. The theory of the plaintiff was, that all the contracts of transfer, taken together, would tend to show that his contract to saw, upon the resale of the mill to him, was discharged by the contract made when he sold the mill to the defendant the last time, leaving the defendant indebted for whatever had been performed. For that purpose the evidence was, we think, admissible when offered, though certainly it became so only in consequence of the matter elicted by the cross examination.

Judgment reversed, with costs, and cause remanded, with direction to overrule the demurrer to the second paragraph of the answer, &c.

*N. Purdum, M. Bell,* and *D. Moss,* for appellant.
*N. R. Linsday* and *N. P. Richmond,* for appellee.